UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-1296

**Caption [use short title]**

**Motion for:** Dismiss appeal for lack of appellate jurisdiction, see 26 U.S.C. s 7463(b)

Set forth below precise, complete statement of relief sought:

This case proceeded as a small tax case under 26 U.S.C. s 7463(a). The dismissal order was a "decision" of the Tax Court. 26 U.S.C. 7459(d). Decisions in small tax cases "shall not be reviewed in any other court." 26 U.S.C. s 7463(b). The Court should thus dismiss this appeal.

Joseph William Foley v. Comm'r of Internal Rev.

**MOVING PARTY:** Commissioner of Internal Revenue
**OPPOSING PARTY:** Joseph William Foley

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☑ Appellee/Respondent

**MOVING ATTORNEY:** Isaac B. Rosenberg
**OPPOSING ATTORNEY:** Audrey Patten

[name of attorney, with firm, address, phone number and e-mail]

U.S. Department of Justice, Tax Division, Appellate Sec.
P.O. Box 502
Washington, DC 20530

Harvard Law School, Legal Services Center, Tax Clinic
122 Boylston Place
Jamaica Plain, MA 02130

**Court- Judge/ Agency appealed from:** Chief Judge Kathleen Kerrigan, United States Tax Court

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes  ☐ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☑ No
Has this relief been previously sought in this court?  ☐ Yes  ☑ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Isaac B. Rosenberg    **Date:** 10/10/2023    **Service by:** ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| JOSEPH WILLIAM FOLEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-1296 |
| | ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) | |
| | ) | |
| Respondent-Appellee. | ) | |

## MOTION TO DISMISS APPEAL
## FOR LACK OF APPELLATE JURISDICTION

Under Federal Rule of Appellate Procedure 27, the Commissioner of Internal Revenue moves to dismiss this appeal for lack of jurisdiction. When Petitioner Joseph Foley filed this income tax deficiency case in the United States Tax Court, he elected to proceed under the small tax case procedures of 26 U.S.C. (I.R.C.) § 7463. The Tax Court dismissed his case for lack of jurisdiction because his petition was untimely. By law, decisions in small tax cases "shall not be reviewed in any other court." I.R.C. § 7463(b). The Court should thus dismiss this appeal.

## STATEMENT OF THE CASE

The IRS determined that Mr. Foley had underreported and underpaid his income taxes for 2014 and 2015. (ECF No. 7-2 at 30, 36.) So on March 27, 2018, the IRS mailed a statutory notice of deficiency for both years to his last known addresses. (ECF No. 7-2 at 30-41.) *See* I.R.C. § 6212(a)-(b)(1). The notice stated, among other things, that Mr. Foley had "90 days," until June 25, 2018, to seek a redetermination of his deficiencies in Tax Court. (ECF No. 7-2 at 30.) This deadline was set by statute. *See* I.R.C. § 6213(a).

Four years later, Mr. Foley filed a petition with the Tax Court to redetermine his 2014 and 2015 deficiencies. (ECF No. 7-1 at 1; ECF No. 7-2 at 1-3.) He attached a copy of the notice of deficiency to his petition (ECF No. 7-2 at 5-15), as required by the court's rules. *See* Tax Ct. R. 34(b)(2).

On his petition, Mr. Foley checked the box to request that his case be "conducted under small tax case procedures." (ECF No. 7-2 at 2.) *See* Tax Ct. R. 171(a). Below this election, the petition form warned that "[a] decision in a 'small tax case' cannot be appealed to a Court of Appeals by the taxpayer or the IRS." (ECF No. 7-2 at 2.) The Tax

-3-

Court honored Mr. Foley's election and docketed his case as a small tax case. (*See* ECF No. 7-1 at 1; ECF No. 7-2 at 1, 19.)[1]

The Commissioner moved to dismiss Mr. Foley's untimely petition for lack of jurisdiction under I.R.C. § 6213(a). (ECF No. 7-2 at 27-29.) Six months later, the court ordered Mr. Foley to respond to the motion and warned that failing to do so could result in dismissal of his case. (ECF No. 7-2 at 43.) He filed no response. (ECF No. 7-2 at 47; ECF No. 7-1 at 2.)

In a March 15, 2023 decision, the Tax Court dismissed the untimely petition for lack of jurisdiction. (ECF No. 7-2 at 47.) Mr. Foley then moved to vacate or review the dismissal order (ECF No. 7-2 at 48-51, 72-80), claiming that he never received a copy of the notice of the deficiency. (ECF No. 7-2 at 49-50, 76-78.) The court denied that motion on July 27, 2023, finding that Mr. Foley "ha[d] shown no unusual circumstance or substantial error that would justify vacating the [dismissal order]" and, further, that the court's "conclusions on the merits of the case would not change." (ECF No. 7-2

---

[1] Docket numbers for small tax cases end in "S." *See Cole v. Commissioner*, 958 F.2d 288, 290 (9th Cir. 1992). The docket number below was 9245-22S.

at 84.) The court reaffirmed that the petition was untimely and observed that Mr. Foley "d[id] not dispute the validity of the notices of deficiency or that they were sent to his last known address." (ECF No. 7-2 at 83.) Mr. Foley then sought reconsideration of the order denying his motion to vacate or review. (ECF No. 7-2 at 85-114.) The court denied that motion too. (ECF No. 7-2 at 117.) The court explained that the dismissal order was "now final" because the court had entered it more than 90 days earlier. (*Id.* (citing I.R.C. § 7481(b)).)

Mr. Foley filed his notice of appeal on September 18, 2023 (ECF No. 7-2 at 119-20), which was 187 days after the Tax Court had entered its dismissal order and 97 days after the decision had become final by operation of I.R.C. § 7481(b) (but within 90 days of when the Tax Court denied reconsideration).

## ARGUMENT

**This Court lacks jurisdiction over the Tax Court's dismissal order because decisions in small tax cases are unreviewable "in any other court," I.R.C. § 7463(b)**

### A. Small tax cases and appellate jurisdiction

The Tax Court has subject-matter jurisdiction to redetermine a deficiency previously determined by the IRS when a taxpayer files a timely petition. *See* I.R.C. § 6213(a); *Galvin v. Commissioner*, 239 F.2d

-5-

166, 166 (2d Cir. 1956) (per curiam).  These deficiency cases are typically "conducted in accordance with" the Tax Court's standard "rules of practice and procedure."  I.R.C. § 7453.

Congress has decided that some taxpayers may elect to forgo the rigors of the Tax Court's standard rules and procedures.  When a disputed deficiency is $50,000 or less, a taxpayer can choose to bring his challenge as a small tax case.  *See* I.R.C. § 7463(a) & (e).  The Tax Court has adopted a different (and more relaxed) set of rules for small tax cases.  *See generally* Tax Ct. R. 170-R. 174; *see also* I.R.C, § 7463(a) (authorizing rulemaking for small tax cases).  Moreover, decisions in small tax cases "shall not be treated as . . . precedent for any other case."  I.R.C. § 7463(b).

The Tax Court makes it easy for taxpayers to proceed as a small tax case.  They can request to do so when they file their petition (by checking the box on the form).  Tax Ct. R. 171(a); Tax Court Form 2.  Or they can request to do so "at any time after the petition is filed and before the trial commences."  Tax Ct. R. 171(c).  The Commissioner has the right to oppose the request but not to veto it.  *See* Tax Ct. R. 171(b)-(c).  So long as the Tax Court concurs, the taxpayer's election should be

honored. *See* I.R.C. § 7463(a) (flush language) ("at the option of the taxpayer concurred in by the Tax Court, proceedings in the case *shall* be conducted under this section" (emphasis added)); Tax Ct. R. 171(d). Still, taxpayers may move to undo the small tax case designation "at any time before the trial commences." Tax Ct. R. 171(d). The change in designation, however, requires a court order. *Id.*

Taxpayers make a trade-off to enjoy the benefits of proceeding as a small tax case: They waive appellate review. Section 7463(b) provides that "[a] decision entered in any [small tax] case . . . shall not be reviewed in any other court." And without exception, decisions in small tax cases "shall become final upon the expiration of 90 days after the decision is entered." I.R.C. § 7481(b).

**B. By electing to proceed as small tax case, Mr. Foley triggered I.R.C. § 7463(b)'s bar on appellate review**

The dismissal order here is unreviewable because I.R.C. § 7463(b) forbids it. Mr. Foley chose to proceed as a small tax case in Tax Court. (ECF No. 7-2 at 2.) His case qualified for that designation, given the amounts in dispute. (*See* ECF No. 7-2 at 5.) The Tax Court concurred in Mr. Foley's election by docketing the matter as a small tax case. (*See* ECF No. 7-1 at 1; ECF No. 7-2 at 19.) The Commissioner did not oppose

-7-

the designation. (ECF No. 7-2 at 21.) Mr. Foley never moved to reverse the designation, and the Tax Court never did do so on its own order. (*See generally* ECF No. 7-1.) So "the case was at all times a small tax case and [thus] cannot be appealed to this court." *Cole*, 958 F.2d at 290.

Every circuit to consider the effect of Section 7463(b) has followed the statute's plain text and held that it precludes appellate jurisdiction. *See Dexter v. Commissioner*, 409 F.3d 877, 879 (7th Cir. 2005) (per curiam); *Cole*, 958 F.2d at 290; *Ballard v. Commissioner*, 639 F.2d 486, 486 (9th Cir. 1980) (per curiam); *Kahle v. Commissioner*, 566 F.2d 581, 581-82 (6th Cir. 1977) (per curiam); *see also Sec. Indus. Ins. Co. v. United States*, 830 F.2d 581, 584 (5th Cir. 1987) ("Small cases under § 7463 . . . cannot be directly reviewed or appealed.").[2] No circuit has held otherwise.

The Court should adopt the uniform view of these other circuits and hold that it lacks jurisdiction to review any decision entered in small tax cases.

---

[2] *Accord Wilson v. Commissioner*, No. 17-1225, 2018 WL 3435411, at *1 (D.C. Cir. June 27, 2018) (per curiam); *Rayle v. Commissioner*, 594 F. App'x 305, 307 (7th Cir. 2014) (per curiam); *Edge v. Commissioner*, 552 F. App'x 255, 255 (4th Cir. 2014) (per curiam); *Parks v. Commissioner*, 201 F. App'x 553, 553 (9th Cir. 2006) (per curiam).

### C. Mr. Foley cannot rely on *Wapnick v. United States*, 112 F.3d 74 (2d Cir. 1997), to solve his appellate jurisdiction problem under Section 7463(b)

Mr. Foley has already foreshadowed his response to his Section 7463(b) problem—a strained analogy to another statute, I.R.C. § 7429(f), and one of this Court's decisions interpreting that statute, *Wapnick v. United States*, 112 F.3d 74 (2d Cir. 1997) (per curiam).

In his statement of issues to be raised on appeal, Mr. Foley acknowledges Section 7463(b)'s bar on appellate review. (ECF No. 24 at 26.) At the same time, he invokes *Wapnick* and claims that it interpreted "a statute with nearly identical language to section 7463(b)." (ECF No. 24 at 26.) And his counsel has previously relied on *Wapnick* to argue that Section § 7463(b) does not bar appellate review of jurisdictional dismissal orders like the one entered here. *See, e.g.*, Appellant's Resp. to Court's Order . . . Concerning Appellate Jurisdiction at *11-12, *Vu v. Commissioner*, No. 17-9007, 2017 WL 5665542 (10th Cir. Nov. 15, 2017). But no court has accepted that argument and neither should this Court.

**1.** *Wapnick* was not a deficiency case brought in Tax Court (let alone a small tax case). *Wapnick* involved a taxpayer's district court

-9-

challenge to a jeopardy assessment.³ *See* 112 F.3d at 74. The district court dismissed the taxpayer's challenge for lack of jurisdiction because he had not met the pre-suit procedural requirements set by statute. 112 F.3d at 74-75. The taxpayer appealed the dismissal. *Id.* at 74.

By statute, "[a]ny determination made by a court [in a jeopardy assessment challenge] shall be final and conclusive and shall not be reviewed by any other court." I.R.C. § 7429(f). Yet this Court held that Section 7429(f) did not bar appellate review of the district court's dismissal order because it was not a "decision[ ] on the merits regarding the jeopardy assessment in question." *Wapnick*, 112 F.3d at 74. The Court adopted the reasoning of other circuits, including the Seventh Circuit, *see id.*, which had stressed that Section 7429(f) makes only "a '*determination*' . . . unreviewable," and that "determinations" by definition address "the reasonableness of both the making and the amount of the disputed assessment." *Hiley v. United States*, 807 F.2d

---

³ When "the Secretary believes that the assessment or collection of a deficiency . . . will be jeopardized by delay," the IRS can immediately assess the deficiency before notifying the taxpayer. I.R.C. § 6861(a). The IRS must then provide prompt notice of the assessment. I.R.C. § 7429(a)(1)(B). The taxpayer, in turn, can demand administrative review by the IRS, I.R.C. § 7429(a)(2)-(3), and then seek judicial review in district court. I.R.C. § 7429(b)(1)-(2).

623, 628 (7th Cir. 1986) (emphasis added). As the Seventh Circuit explained in *Hiley*, a complete statutory bar on appellate review "would be more persuasive if § 7429(f) prohibited the review of, for example, all 'decisions,' 'actions,' or 'orders' of a district court made pursuant to that section." 807 F.2d at 628.

**2**. The jeopardy assessment statute in *Wapnick* differs from Section 7463(b) in several critical ways. *Wapnick* thus sheds no light on the proper reading of Section 7463(b) and appellate review in small tax cases.

Begin with the text. The jeopardy assessment statute bars further view of "determination[s]," which the statute plainly limits to the merits of a jeopardy assessment. *See* I.R.C. § 7429(b)(3)(A), (b)(4). Section 7463(b), by contrast, bars further review of any small tax case "decision," not just merits "determinations." *See Hiley*, 807 F.2d at 628. While Section 7463(b) does not itself define "decision," a neighboring statute does. Section 7459 governs all Tax Court reports and decisions, and it uses the term "decision" to encompass "a decision of the Tax Court dismissing the proceeding," I.R.C. § 7459(d)—including "dismissal[s] . . . for lack of jurisdiction." *Id.* § 7459(c).

There is no ambiguity here.  Hence, several circuits have held that they lacked jurisdiction to review dismissal orders like the one entered here.  *See, e.g.*, *Wilson*, 2018 WL 3435411, at \*1; *Rayle*, 594 F. App'x at 306-07; *Edge*, 552 F. App'x at 255.  Indeed, the Tenth Circuit has rejected the analogy to Section 7429(f).  Order at 2-3, *Vu v. Commissioner*, No. 17-9007 (10th Cir. Dec. 18, 2017) (per curiam).

Next, consider context.  Even if dismissal orders were somehow not "decisions" beyond appellate review under Section 7463(b), they would remain decisions "of the Tax Court in a proceeding conducted under section . . . 7463," which "shall become final upon the expiration of 90 days after [they are] entered."  I.R.C. § 7481(b).  That means dismissal orders in small tax cases would become final on the taxpayer's last day to appeal, if the orders could be appealed at all.  *See* I.R.C. § 7483.  It makes no sense to allow appeals of decisions that would become final (and thus enforceable) before an appeal could be decided.

Finally, small case petitioners like Mr. Foley are not doomed if they cannot get appellate review of a jurisdictional dismissal order.  They can still challenge the disputed tax in court by paying the tax, duly filing an administrative refund claim with the IRS, and then suing

for a refund in a district court or the Court of Federal Claims.  *See* I.R.C. §§ 6511(a), 7422(a); 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 363 U.S. 145, 177 (1960).  A Tax Court order dismissing a petition for lack of jurisdiction is not a "decision that the deficiency is the amount determined by the Secretary," I.R.C. § 7459(d), so it does not "bar[ ] the taxpayer from later challenging the amount [of the tax] in a refund suit." *Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1095 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2596 (2021).  In contrast, there is no alternative relief from a jeopardy assessment.

\*　　　\*　　　\*

The only thing that Section 7429(f) and Section 7463(b) have in common is the phrase "shall not be reviewed," and that phrase means exactly what it says.  *Wapnick* thus provides no basis to ignore the plain meaning of Section 7463(b) and thus disregard its wholesale bar on appellate review in small tax cases like this one.

## CONCLUSION

The Court should dismiss this appeal for lack of jurisdiction.

        Respectfully submitted,

        DAVID A. HUBBERT
         *Deputy Assistant Attorney General*

/s/ Isaac B. Rosenberg

| | |
|---|---|
| MICHAEL J. HAUNGS | (202) 514-4343 |
| ISAAC B. ROSENBERG | (202) 514-2426 |

  *DC Bar No. 998900*
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

OCTOBER 10, 2023

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because:

   [X]   this document contains **2,500** words, **or**

   [ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2. This document complies with Fed. R. App. P. 27(d)(1)(E) (adopting the typeface requirements of 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)) because:

   [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

   [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s)   /s/ Isaac B. Rosenberg

Attorney for   Commissioner of Internal Revenue

Dated:   October 10, 2023