# 23-1296

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

JOSEPH WILLIAM FOLEY,

*Petitioner-Appellant*,

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

On Appeal from the United States Tax Court
Docket No. 9245-22S (Kerrigan, C.J.)

**RESPONSE IN OPPOSITION
TO MOTION TO DISMISS**

Audrey Patten
*Counsel of Record*
Director
Harvard Tax Clinic
122 Boylston Street,
Jamaica Plain, MA 02130
(617) 390-2550
apatten@law.harvard.edu

T. Keith Fogg
*Counsel for Appellant*
Clinical Professor Emeritus
Harvard Tax Clinic
122 Boylston Street,
Jamaica Plain, MA 02130
(617) 390-2532
kfogg@law.harvard.edu

[*Additional Counsel Listed on Inside Cover*]

Carlton M. Smith, Esq.
*Counsel for Appellant*
255 W. 23rd Street,
#4AW
New York, NY 10011
(646) 230-1776
carltonsmth@aol.com

## STATEMENT OF THE CASE

On March 27, 2018, the Internal Revenue Service (hereinafter "IRS") sent Joseph W. Foley a Notice of Deficiency pursuant to 26 U.S.C. § 6213(a)[1] as to his 2014 and 2015 personal income tax returns. ECF No. 7-2 at 5,30. The letter instructed him that he had 90 days to petition the Tax Court if he wished to challenge this determination. *Id.* Unfortunately, Mr. Foley did not receive that Notice of Deficiency. In fact, Mr. Foley never received any notice from the IRS regarding those two tax years, only coming across IRS correspondence four years after the fact. Mr. Foley had been going through a divorce. *Id.* at 2-3. The divorce rendered him temporarily homeless, and he moved around to several New York addresses. *Id.* at 78, 87. He therefore missed the letter's stated deadline of June 25, 2018, to petition the U.S. Tax Court for review. *Id.* at 5, 30.

---

[1] Hereinafter, all section references are to the Internal Revenue Code, Title 26, unless otherwise noted.

After learning of the Notice of Deficiency, Mr. Foley, then *pro se*, immediately submitted a Tax Court petition on April 18, 2022. *Id.* at 1–3. He filed his case under the court's "small case" (hereinafter "S case") procedure under section 7463. *Id.* at 2. He argued that the Tax Court should equitably toll the filing period. Instead, the Tax Court dismissed his case for lack of jurisdiction due to an untimely filed petition, giving him no opportunity to argue the merits of his case. *Id.* at 47. Mr. Foley attempted to petition the Tax Court to reconsider its decision on the grounds that it should equitably toll the 90-day timely filing period, *Id.* at 48–51, 52–53, 73–80, 85–89, but nevertheless the Tax Court issued a final dismissal order of his case for lack of jurisdiction. *Id.* at 117. Mr. Foley thus initiated the instant appeal.

Mr. Foley wishes to have his bite at the apple in the Tax Court's prepayment forum. His position is that section 6213(a)'s 90-day window is not jurisdictional and is subject to equitable tolling. He believes that it cannot be the case that Congress would go through the trouble of setting up a tribunal whose sole function is ensuring that taxpayers may be vindicated in case of IRS error, but that a taxpayer, through no fault of his own, should have his case dismissed. In the interim, the

Commissioner has filed a motion to dismiss this appeal because Mr. Foley filed his Tax Court case below under the court's S case procedures. However, because Mr. Foley's Tax Court case was dismissed for lack of jurisdiction, the S case designation is not a bar to appellate review.

## ARGUMENT

This Court has jurisdiction to hear appeals of dismissals for lack of jurisdiction of Tax Court cases filed under section 7463. It is undisputed that Courts of Appeals have "exclusive jurisdiction" over appeals of "decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury . . . ." § 7482(a)(1). The Commissioner, in his motion, argues that section 7463(b), which ordinarily denies appellate review of the merits of S cases in the Tax Court, blocks Mr. Foley's appeal.

Tax Court S cases are governed by section 7463. They apply to cases with less than $50,000 at stake. §7463(a)(1)-(4). The S case election is made "at the option of the taxpayer concurred in by the Tax Court . . . before the hearing of the case." § 7463(a). The election is generally made when a Tax Court petition checks a box on the Tax

Court's simplified Petition Form. United States Tax Court, Form 2, "Simplified Petition," (Rev. 03/23). S cases adhere to rules of evidence, practice, and procedure prescribed by the Tax Court, but are characterized by more streamlined procedures and informal discovery. § 7463(a); § 7453; *See* Tax Ct. Rs. 170-74. S case petitioners generally waive their right to appellate review of cases, pursuant to section 7463(b), which reads: "A decision entered in any case in which the proceedings are conducted under this section shall not be reviewed in any other court and shall not be treated as a precedent for any other case." Yet, even with streamlined procedures, conducting an S case means that the petitioner may present evidence in support of the argument in their case. Indeed, despite the less formal nature of S case trials, "any evidence deemed by the Court to have probative value shall be admissible." Tax Ct. R. 174(b).

Although Mr. Foley initiated his underlying Tax Court action as an S case, he has not lost the right to appeal his dismissal for lack of jurisdiction. Section 7463(b) contemplates waiver of appellate review for proceedings "conducted under" that section. However, what differentiates this appeal is that Mr. Foley's case was never actually

"conducted under" section 7463—nor any other Internal Revenue Code section. There was no discovery, no presentation of evidence, no trial, no briefing, and no opinion or order other than for dismissal issued in the case. Indeed, it is a mystery why the Tax Court did not, on its own, remove the S case election when it issued its dismissal order. Logically, a finding that the court lacked jurisdiction means that the court had no authority to even concur in Mr. Foley's S case election, much less "conduct" the case. It is as though his case was never in the Tax Court, having been denied at the front door. That denial is what is under appeal before this Court—and not the merits of any Tax Court decision entered under an S case procedure. Therefore, the threshold for stripping appellate jurisdiction was not met because of the Tax Court's dismissal of the case for lack of jurisdiction in the first place. Section 7482(a)(1) thus remains in full effect, and this Court retains jurisdiction to review this case.

I.     **26 U.S.C. § 7463(b)'s Appellate Jurisdiction Stripping Does Not Extend to Dismissals for Lack of Jurisdiction in the Tax Court.**

Mr. Foley's case was never "conducted under" section 7463, and therefore this Court maintains jurisdiction over his appeal. As a matter of law, the only decision the Tax Court made was that it did not have jurisdiction over Mr. Foley's case because it alleged Mr. Foley had not met the jurisdictional requirements to bring a deficiency case in the Tax Court under section 6213(a). Section 6213(a) requires that a litigant file their petition for Tax Court review of a tax deficiency within 90 days of the IRS sending a statutory notice of deficiency. Whether that requirement is jurisdictional relative to the Tax Court or subject to equitable tolling is the main issue on appeal in this case. Ultimately, the Commissioner's argument that section 7463 precludes appellate review of that dismissal fails because it is premised on an impossibility: A case cannot be dismissed for lack of jurisdiction by a court but still have been concurrently conducted by that same court. Either the court has jurisdiction and may conduct the case under the respective jurisdiction granting statute, or it has no jurisdiction and may not conduct the case at all.

A. **Under *Wapnick v. United States*, Small Tax Cases Dismissed for Lack of Jurisdiction Do Not Preclude Appellate Review.**

This Court has held that dismissals of tax proceedings for lack of jurisdiction are appealable, even where statutory language appears to bar appellate review. In *Wapnick v. United States*, 112 F.3d 74 (2d Cir. 1997), this Court held that language in section 7429(f) barring appellate review of jeopardy assessments did not preclude appeals from dismissals for lack of jurisdiction. Section 7429 deals with jeopardy assessments, which can be conducted in either the United States District Courts or the Tax Court. § 7429(b)(2)(A)-(B). The Tax Court has jurisdiction under section 7429 if the case is already a Tax Court deficiency case, which would encompass deficiency cases brought under S case procedures. *Id.* The language that was at issue in section 7429(f) is similar to the language in section 7463(b), reading: "Any determination made by a court under this section shall be final and conclusive and shall not be reviewed by any other court." § 7429(f).

In deciding that section 7429(f) did not bar review of cases dismissed for lack of jurisdiction, this Court conclusively held that "[a] dismissal of a Section 7429 proceeding for lack of subject matter

jurisdiction is . . . appealable." *Wapnick*, 112 F.3d at 74. On its face, "this limitation [imposed by section 7429(f)] applies only to decisions on the merits . . . ." *Id.* Therefore dismissals in this Court for lack of subject matter jurisdiction are not dismissals on the merits for purposes of determining whether a determination was made "under" section 7429. *Id.* This is not just limited to tax cases. This Court has squarely held that dismissals for lack of subject matter jurisdiction "is not on the merits." *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).

> 1. *The Substantive Differences Between an S Case Proceeding and a Jeopardy Assessment Do Not Change the Principle Behind Allowing Appellate Review of Dismissals for Lack of Jurisdiction.*

The Commissioner argues that *Wapnick* is inapplicable in part by arguing that the underlying action arose out of a jeopardy assessment in a United States District Court, instead of a deficiency action in the Tax Court. App'e's Mot. at 9. Yet that is no bar to this Court applying *Wapnick*'s reasoning to section 7463(b). There is no fundamental difference between a dismissal for lack of jurisdiction in a jeopardy assessment challenge and a dismissal for lack of jurisdiction in an S case. Nor does it matter from which court the actions arose. The

principle behind the statutory interpretation is the same. Both statutes turn on their respective lower court's ability to hear the case. Without subject matter jurisdiction, courts lack "the power to adjudicate the merits of the case." *Green v. Dep't of Educ. of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016)). Neither the case below in *Wapnick* nor Mr. Foley's case were conducted, decided, or determined on the merits, and thus any difference between a jeopardy assessment proceeding and a deficiency case proceeding should be disregarded for purposes of determining whether appellate review applies.

> 2. *The Use of the Words "Any Determination" in 26 U.S.C. § 7429(f) and of the Word "Decision" in 26 U.S.C. § 7463(b) Is Not a Bar to Applying* Wapnick*'s Logic to This Case.*

The Commissioner also advances an argument that the words "any determination" in section 7429(f) and "decision" in section 7463(b) stands as a fundamental bar to applying *Wapnick*'s reasoning to section 7463. The IRC does not contain a global definition of "decision" or "determination." While section 7463(b) is only applicable to appeals from the Tax Court, section 7429(f) is applicable to appeals from either the Tax Court or the United States District Courts. Hence, it uses the

9

broader phrase "any determination." If a dismissal for lack of jurisdiction does not count as "[*a*]*ny* determination made by a court under . . . section [7429]," § 7429(f) (emphasis added), then linguistically, a dismissal for lack of jurisdiction cannot count as a "decision entered in any case in which the proceedings are conducted under . . . section 7463 . . . ," § 7463(b). First, not only is the language of the sections otherwise very similar, but section 7429(f) offers a broader linguistic basis for jurisdiction stripping than section 7463(b). "Any" is an adjective that "refer[s] to an unspecified number or quantity of a thing or things, no matter how much or how many." *Any*, *Oxford English Dictionary* (rev. ed. 2016). In this context, "a" is merely an adjective "denoting an individual object or notion." *A*, *Oxford English Dictionary* (rev. ed. 2008).

Second, the Commissioner cross cites to section 7459 as the provision that governs all Tax Court reports and decisions and states that it uses the term "decision" to encompass a Tax Court decision dismissing a proceeding. However, under that logic, section 7459 also "defines" tax assessment *determinations* in cases where they are dismissed for lack of jurisdiction as Tax Court decisions. Section 7459(e)

states that "[i]f the assessment or collection of any tax is barred by any statute of limitations, the *decision* of the Tax Court to that effect shall be considered as its decision . . . ." § 7459(e) (emphasis added). As noted above, a determination under section 7429(f) could very well encompass a decision in a Tax Court deficiency case which dealt with a jeopardy assessment. Section 7429(f), therefore, which also encompasses Tax Court decisions of jeopardy assessments, states that "[a]ny *determination* made by a court under this section shall be final and conclusive and shall not be reviewed by any other court." § 7429(f) (emphasis added). "Any determination" plainly encompasses dismissals for lack of jurisdiction under every case holding that section 7429(f) is not jurisdictional, *see, e.g.*, *infra* pp. 11–12 and accompanying citations; yet, section 7459(e) calls those "*decisions*." If tax assessment determinations that there is a lack of jurisdiction are also termed "decisions," then that fundamentally collapses the Commissioner's argument. It cannot be that a dismissal for lack of jurisdiction is a decision under section 7463 because of section 7459's language, but that a determination under section 7429 is merely a determination despite section 7459. Moreover, in *Hiley v. United States*, the Seventh Circuit

counted "determination" as a type of decision a district court may make. 807 F.2d 623, 628 (7th Cir. 1986).[2] The Seventh Circuit is not the only circuit to do so. Multiple appellate courts treat "determination" as a type of "decision" when analyzing section 7429(f). *See Wapnick*, 112 F.3d at 74 ("[T]his limitation applies only to decisions on the merits . . . ."); *United States v. Doyle*, 660 F.2d 277, 280 (7th Cir. 1981) ("[W]e may not review the district court's decision in any way."); *Pals v. United States*, 867 F.2d 1162, 1163 (8th Cir. 1989) ("The decision of the district court in reviewing the reasonableness of the jeopardy assessment . . . ."); *Morgan v. United States*, 958 F.2d 950, 951 (9th Cir. 1992) ("[B]y its terms the statute seems to apply only to the district court's decision . . . ."); *Schuster v. United States*, 765 F.2d 1047, 1049 (11th Cir. 1985) ("[T]his court will review the decision . . . .").

If, therefore, a determination is a decision and a decision is a determination, then section 7429(f) is *not* "plainly limit[ed] to the merits

---

[2] The Commissioner has also previously argued that "dismissals for want of jurisdiction or venue" do not "foreclose[] appellate review of any action by the district court taken pursuant to § 7429." *Hiley*, 807 F.2d at 627; *accord Schuster v. United States*, 765 F.2d 1047, 1049 (11th Cir. 1985) ("Neither party contests our authority to review the case.").

of a jeopardy assessment." App'e's Mot. at 10. By that reasoning, all "decisions" made by a court as to section 7429 would strip appellate jurisdiction. Yet, that is clearly not the case. *See generally Wapnick*, 112 F.3d. Thus, the Commissioner's argument fails.

Moreover, what ultimately prevents section 7463(b) from stripping appellate jurisdiction from this Court is not whether the proceeding below resulted in a "decision" or a "determination." Rather, it is whether Mr. Foley's case was *conducted under* section 7463. After all, section 7463 only strips appellate jurisdiction if proceedings were "conducted under this section." § 7463(b). A court's "[j]urisdiction is the authority to hear and determine a cause; it is, in essence, the power to adjudicate the action. If a court lacks jurisdiction over an action, it lacks the power to act with respect to that action." *United States ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969) (citing *Farmers Elevator Mut. Ins. Co. v. Austad & Sons, Inc.*, 343 F.2d 7, 11 (8th Cir. 1965)).

Mr. Foley's proceedings could not have been conducted under section 7463 because the Tax Court determined it did not have jurisdiction. It would be anomalous to determine that, for purposes of section 7463(b), the Tax Court had a grant of jurisdiction from Congress

to conduct proceedings, but *only* for (b) and for no other part of that statute. At bottom, no proceeding conducted under the section occurred because "the Tax Court is a court of limited jurisdiction that possesses only those powers expressly conferred upon it by Congress; it may exercise jurisdiction only pursuant to specific legislative enactments." *Borenstein v. Comm'r of Internal Revenue*, 919 F.3d 746, 749 (2d Cir. 2019) (quoting *Maier v. Comm'r of Internal Revenue*, 360 F.3d 361, 363 (2d Cir. 2004)). If the Tax Court had no power to rule in Mr. Foley's case because it determined it was totally limited by Congress' grant of jurisdiction, then it had no power to conduct his case under section 7463 at all.

## B. Precedential Cases Cited by the Commissioner Do Not Address Dismissals for Lack of Jurisdiction.

The Commissioner cites several precedential opinions from other circuits to advance its proposition that *Wapnick* is inapposite to the instant case. App'e's Mot. at 7. Not one of these cited precedential cases deal with a non-merits S case appeal. *Dexter v. Comm'r of Internal Revenue*, 409 F.3d 877 (7th Cir. 2005), deals plainly with a Tax Court case under section 7463 decided on the merits. In *Dexter*, the appellant had lost a summary judgment motion brought by the Commissioner in

an S case proceeding below. In ruling it had no appellate jurisdiction,

the Seventh Circuit pointed out that Mr. Dexter had had the

opportunity to be heard in Tax Court. *Id.* at 879. Meanwhile, in *Cole v.

Comm'r of Internal Revenue*, 958 F.2d 288 (9th Cir. 1992), the Ninth

Circuit also found it had no jurisdiction to hear an S case appeal on the

merits. In that case, the appellants had filed a deficiency case under S

case procedures in the Tax Court and were appealing an entry of

decision on the merits as to their amount of tax liability after having

had the opportunity to submit documentation supporting their belief as

to their correct liability. *Id.* at 289. *Ballard v. Comm'r of Internal

Revenue*, 639 F.2d 486 (9th Cir. 1980), also cited in the Commissioner's

motion, was also an appeal on the merits. *See* Tax Court Docket,

*Ballard v. Comm'r of Internal Revenue*, No. 12734-91S (T.C.) (showing

no entry of dismissal for lack of jurisdiction). *Kahle v. Comm'r of

Internal Revenue*, 566 F.2d 581 (6th Cir. 1977), fails similarly as a

comparison. *Sec. Indus. Ins. Co. v. United States*, 830 F.2d 581 (5th Cir.

1987), meanwhile, is inapposite for a different reason: not only was it an

appeal on the merits, but the appellant was appealing the dismissal of

its "*Enochs* suit seeking to enjoin collection of federal income tax." *Id.* at

582. The Commissioner has been unable to point to any precedential appellate case law that suggests an appeal of an S case for lack of jurisdiction should also be dismissed.

Meanwhile, the cases the Commissioner cites that do involve S case appeals for lack of jurisdiction are not precedential. App'e's Mot. at 11. One of those cases is incorrectly cited for the proposition that the Tenth Circuit, in *Vu v. Comm'r of Internal Revenue*, No. 17-9007 (10th Cir. Dec. 18, 2017) (per curiam), "rejected the analogy to section 7429(f)," App'e's Mot. at 11. In fact, the order in *Vu* never mentioned section 7429(f). *See generally Vu*, No. 17-9007. It is therefore not persuasive as to whether section 7463(b) and 7429(f) should be read *in pari materia*. The result is that no cited case adequately grappled with whether a section 7463(b) dismissal could be heard by a Court of Appeal.

## II. 26 U.S.C. § 7481(b) Is Not a Barrier to Appellate Review of This Case.

Section 7481(a) provides that a Tax Court decision becomes final either at the expiration of the notice of appeal filing deadline, or, if a notice of appeal is timely filed, after all appeals have been heard. When

a Tax Court decision becomes final is significant because the three most common grants of jurisdictions of the Tax Court—deficiency, Collection Due Process, and "innocent spouse"—each contain provisions prohibiting levy (and in the case of deficiencies, assessment) while any Tax Court case is pending, *see* §§ 6015(e)(1)(B)(i); 6213(a); 6330(e)(1); coupled with an extension of the collections statute of limitations under section 6502 (and, in the case of deficiencies, the assessment statute of limitations under section 6501) until some fixed period after the Tax Court decision becomes "final," *see* §§ 6015(e)(2), 6330(e)(1), and 6503(a)(1). The IRS is required to know when a Tax Court decision is final to determine when it can commence assessment or collection.

Congress recognized the possibility that, since cases conducted under section 7463 cannot be appealed, such that there is no time granted for their appeal, the issue would arise that Tax Court cases conducted under section 7463 would arguably become final under section 7481(a) on the date the decision was entered. That is, a date that is 90 days prior to when a regular case decision would become final if the case were never appealed. To figure out the exact dates for both the levy and statute of limitations tolling provisions, IRS computers and

employees would then have to know whether an unappealed Tax Court case was an S case or not. To make this situation easier on the IRS, Congress enacted section 7481(b), which provides that nonreviewable decisions—"[t]he decision of the Tax Court in a proceeding concluded under . . . section 7463[—]shall become final upon the expiration of 90 days after the decision is entered." § 7481(b). This results in the same rule for when a decision will be final, whether or not the case is a S case. Thus, to determine the date that a Tax Court decision becomes final, the IRS need not inquire whether an unappealed case was conducted under section 7463.

The Commissioner's contention that "[i]t makes no sense to allow appeals of decisions that would become final (and thus enforceable) before an appeal could be decided," App'e's Mot. at 11, is therefore mistaken. Mr. Foley understands that the Commissioner believes the existence of section 7481(b) is part of the reason why the government thinks S cases cannot be appealed in cases of erroneous dismissals for lack of jurisdiction. However, if this Court were to find that this case is appealable because it was never conducted under section 7463 (because it was dismissed for lack of jurisdiction before the case was ever

18

conducted), then there would be time for appeal under section 7481(a), and as a matter of law, section 7481(b) would not apply. Moreover, in the case of actual appeals of either regular or S cases dismissed by the Tax Court for lack of jurisdiction, the IRS can simply assume that the rules of section 7481(a) on finality in the case of appeals apply. In the end, section 7481(b) is no bar to reviewability by this Court.

## III. A Refund Suit Brought Under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 Is Not a Practical Remedy for Mr. Foley.

To assuage any concern that Mr. Foley will be denied a remedy should his appeal be dismissed, the Commissioner argues that "small case petitioners like Mr. Foley are not doomed if they cannot get appellate review of a jurisdictional dismissal order" because they can still sue for a refund in district court using 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. App'e's Mot. at 11–12. The Commissioner's position masks the reality that there is no practical way for many low or moderate income taxpayers in Mr. Foley's position, who miss their bite at the apple in the Tax Court's pre-payment forum, to sue for a refund.[3]

---

[3] While a Collection Due Process (CDP) proceeding, under section 6330(c)(2)(B), would allow a challenge to the underlying liability without full payment if the taxpayer never received the notice of deficiency, since the record, after a remand, will show that Mr. Foley's liability has been put into currently not collectible status

To sue for a refund, Mr. Foley would first have to pay the full balance of outstanding liability, a requirement set by the Supreme Court in *Flora v. United States*, 357 U.S. 63 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960). According to the IRS, he owes over $45,000. ECF 7-2 at 5. Once every penny is paid, he would then have to file a refund claim with the IRS for his money back. § 7422(a). Only payments made within two years of the claim are eligible for refund. § 6511(a) Therefore, if he paid off the liability in installments over several years, the earliest payments could be precluded from the refund claim. Finally, if the IRS denies his claim or six months passes without a determination, he would be entitled to initiate a refund suit in a district court or the Court of Federal Claims against the United States Government. § 1346(a)(1). It would be a long, expensive, and difficult journey.

---

for both years, the IRS has neither sent him a notice of federal tax lien filing nor a notice of intention to levy—both of which are necessary predicates to his getting relief under section 6330(c)(2)(B). Moreover, under *Greene-Thapedi v. Comm'r of Internal Revenue*, 126 T.C. 1 (2006), the Tax Court has held that it lacks overpayment jurisdiction in a CDP case, so CDP affords him no ability to get back any refund improperly taken from him and applied to the liability. *See generally id.*

## CONCLUSION

For all these reasons above, the Court should deny the

Commissioner's Motion to Dismiss and allow this appeal to proceed.

October 19, 2023                                    Respectfully submitted,

*/s/ Audrey Patten*

Audrey Patten
*Counsel of Record*
Director
Harvard Tax Clinic
122 Boylston Street,
Jamaica Plain, MA 02130
(617) 390-2550
apatten@law.harvard.edu

*/s/ T. Keith Fogg*

T. Keith Fogg
*Counsel for Appellant*
Clinical Professor Emeritus
Harvard Tax Clinic
122 Boylston Street,
Jamaica Plain, MA 02130
(617) 390-2532
kfogg@law.harvard.edu

*/s/ Carlton Smith*

Carlton M. Smith, Esq.
*Counsel for Appellant*
255 W. 23rd Street,
#4AW
New York, NY 10011
(646) 230-1776
carltonsmth@aol.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rules of Appellate Procedure 27(d) and Local Rule 27.1, the undersigned certifies that this response complies with the applicable typeface, type style, and type-volume limitations. This response was prepared using a proportionally spaced type (Century Schoolbook, 14 point). Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f), this response contains 4,335 words, in compliance with Fed. R. App. P. 27(d)(2)(A). This certificate was prepared in reliance on the word-count function of the word-processing system used to prepare this response.

October 19, 2023                                    Respectfully submitted,

                                                        */s/ Audrey Patten*

                                                        Audrey Patten
                                                        *Counsel of Record*
                                                        Director
                                                        Harvard Tax Clinic
                                                        122 Boylston Street,
                                                        Jamaica Plain, MA 02130
                                                        (617) 390-2550
                                                        Apatten@law.harvard.edu