**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

| | | |
|---|---|---|
| JOSEPH WILLIAM FOLEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-1296 |
| | ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION**

The Court should dismiss this appeal for lack of appellate
jurisdiction. Mr. Foley brought this income tax deficiency case as a
small tax case proceeding under I.R.C. § 7463(a). His entire case—from
start to finish—was conducted by the Tax Court under its special rules
for small tax cases. And while his case was being conducted under
those rules, the Tax Court held that it lacked jurisdiction to
redetermine Mr. Foley's small tax deficiencies for 2014 and 2015
because he filed his petition years too late. That means the "decision
[was] entered in a[ ] case in which the proceedings [were] conducted
under [I.R.C. § 7463]," and it "shall not be reviewed" by this Court.

I.R.C. § 7463(b).  All of Mr. Foley's arguments in favor of appellate review lack merit.

## ARGUMENT

### A. The dismissal order is unreviewable here because it was entered in a "proceeding[ ] . . . conducted under" the Tax Court's small tax case rules, I.R.C. § 7463(b)

The parties agree that "section 7463 only strips appellate jurisdiction if proceedings were 'conducted under'" I.R.C. § 7463. (Opp. 13 (quoting I.R.C. § 7463(b)).)  Yet Mr. Foley disputes that the proceedings below "could . . . have been conducted under section 7463 because the Tax Court determined it did not have jurisdiction." (Opp. 13; *see also id.* at 4-5.)  In his view, "[a] case cannot be dismissed for lack of jurisdiction by a court but still [be] concurrently conducted by that same court."  (Opp. 6.)  He is wrong about that.

**1.**  For starters, Mr. Foley misunderstands the term "proceeding." He would read "proceeding" in Section 7463(b) to include only those parts of the case that touch upon the merits—"discovery," "presentation of evidence," "trial."  (Opp. 5.)  Under that narrow reading, a jurisdictional dismissal might not be part of the "proceeding."  But the statutory text belies Mr. Foley's cramped interpretation of the term.

-3-

A Tax Court "proceeding" encompasses the entire case, from its initial filing to the final decision. By statute, the parties in Tax Court are entitled to "[n]otice and opportunity to be heard upon any *proceeding* instituted before the Tax Court," which only sometimes involve "[h]earings." I.R.C. § 7458 (emphasis added). By statute, the "Chief Counsel for the Internal Revenue Service" represents the Commissioner "in *proceedings* before [the Tax] Court," not just the merits-related parts. I.R.C. § 7452 (emphasis added). By statute, the Tax Court's "rules of practice and procedure" govern "the *proceedings* of the Tax Court and its divisions," without limitation. I.R.C. § 7453 (emphasis added). And by statute, when the Tax Court dismisses a case—including for "lack of jurisdiction"—it terminates the entire "*proceeding*." I.R.C. § 7459(c) (emphasis added).[1]

Section 7463(b)'s use of "proceeding" thus tracks that term's ordinary meaning. A proceeding, by definition, is "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *Proceeding*,

---

[1] *See also* I.R.C. §§ 7443A(b)-(c), 7455, 7460, 7464, 7482(a)(2).

-4-

Black's Law Dictionary (11th ed. 2019); *accord Nicolaou v. Horizon Media, Inc.*, 402 F.3d 325, 329 (2d Cir. 2005).

**2.** Similarly, Mr. Foley's case was in fact "conducted" under the Tax Court's small tax case rules, despite his protestations to the contrary. (Opp. 4-5.) Under Tax Court Rule 171(a), he "request[ed] in the petition to have the proceedings in the case conducted as a small tax case." (*See* ECF No. 7-2 at 2.) Under Rule 173(a)(1), his petition was "substantially in accordance with Form 2." (*See id.*) Under Rule 173(a)(2), he paid the filing fee required in small tax cases. (*See* ECF No. 7-1 at 1.) Under Rule 174(a), he "request[ed] the place where [he] would prefer the trial to be held" when he filed his petition. (*See* ECF No. 7-2 at 3, 18.) Under Rule 171(d), "the case [was] docketed as a small tax case." (*See* ECF No. 7-2 at 19.) Under Rule 172, he "appear[ed] without representation." (*See* ECF No. 7-1 at 1.) And under Rule 173(c), he did not file a reply to the Commissioner's answer (which would have been allowed as a matter of right if this had not been a small tax case, *see* Tax Ct. R. 37(a)).[2]

---

[2] Rule 173(c) balances out the lack of a reply by "deem[ing] denied" all "affirmative allegations of the answer," but the answer here made no affirmative allegations. (*See* ECF No. 7-2 at 21-22.)

**3.** Finally, Mr. Foley is wrong that the Tax Court could not "conduct the case" while it otherwise lacked jurisdiction to redetermine his deficiencies under Section 6213(a). (Opp. 6; *see also id.* at 13-14.)

"It is inarguable that a court always has jurisdiction to determine its own jurisdiction." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004); *see also Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986). The Tax Court is no exception. *See Shelton v. Commissioner*, 63 T.C. 193, 198 (1974). The Tax Court could not determine its deficiency jurisdiction (or lack thereof) without conducting some sort of proceeding. And by law, all of the Tax Court's proceedings must be "conducted in accordance with [its] rules." I.R.C. § 7453; *accord* I.R.C. § 7463(a) (flush language).

Mr. Foley confuses the Tax Court's power to redetermine his deficiencies—simultaneously granted and constrained by Section 6213(a)—with the rules that the court must follow in conducting small tax cases. While the Tax Court had no power to redetermine Mr. Foley's deficiencies under Section 6213(a), it could (and did) decide whether his untimely petition should survive a motion to dismiss. And because Mr. Foley chose to proceed under the small tax case procedures

authorized by Section 7463, he thereby waived his right to appeal the order dismissing his untimely petition.[3]

Of course, Mr. Foley's "main" argument on appeal (Opp. 6) is "that section 6213(a)'s 90-day window is *not* jurisdictional and is subject to equitable tolling." (Opp. 2 (emphasis added).) That argument contradicts his present effort to evade Section 7463(b)'s bar on appellate review, which hinges on the Tax Court's supposed *lack* of jurisdiction to conduct any proceedings in his case. Yet if the bar on appellate review somehow depended on the Tax Court's underlying deficiency jurisdiction, Mr. Foley would face a Catch-22: Either the Tax Court was wrong that it lacked deficiency jurisdiction, and this Court could not

---

[3] Because there was no trial, Mr. Foley could have asked to rescind the small case designation within 90 days of the dismissal order (i.e., before it became final) if he wanted to revive his ability to seek appellate review. *See* Tax Ct. R. 171(d); I.R.C. § 7481(b); *see also* I.R.C. § 7463(d) (allowing removal of the designation, before the court's decision becomes final, when "there are reasonable grounds for believing that the amount of the deficiency placed in dispute . . . exceeds the applicable jurisdictional amount"). Mr. Foley chose not to seek that relief. And while he thinks "it is a mystery why the Tax Court did not, on its own, remove the S case election when it issued its dismissal order" (Opp. 5), he neither explains why the court should have done so nor cite any authority for that skeletal contention. *See Force v. Facebook, Inc.*, 934 F.3d 53, 66 n.20 (2d Cir. 2019) (deeming an "undeveloped contention . . . waived").

review the dismissal of his untimely petition; or else the Tax Court was right that it lacked jurisdiction, and this appeal would be reviewable but meritless. But it does not matter whether the Tax Court had underlying deficiency jurisdiction here. Section 7463(b) bars appellate review either way.

## B. Because the text of Section 7463(b) materially differs from the jeopardy assessment statute, I.R.C. § 7429(f), it makes no sense to analogize to that other statute

Mr. Foley also contends that the Court can review jurisdictional dismissal orders in small tax cases by analogizing Section 7463(b) to another statute, I.R.C. § 7429(f), and this Court's interpretation of that statute. (Opp. 7-13 (discussing *Wapnick v. United States*, 112 F.3d 74 (2d Cir. 1997)).) That theory also lacks merit, for the reasons explained in the Commissioner's motion. (Mot. 8-12.) Mr. Foley's response adds little to the analysis beyond straw-man arguments and circular reasoning.

For instance, Mr. Foley's jeopardy assessment analogy does not fail because of "the substantive differences between an S case proceeding and a jeopardy assessment [challenge]." (Opp. 8 (capitalization omitted); *see also id.* at 9.) His analogy fails because of

the statutes' materially different language. The Court cannot review the dismissal of a small tax case because it is an unreviewable "decision" of the Tax Court, as Section 7463(b) uses that term. (*See* Mot. 10-11.) By contrast, the Court *can* review the dismissal of a jeopardy assessment challenge because it is not an unreviewable "determination," as Section 7429(f) uses that term. (*See* Mot. 8-10.) That small tax case decisions might not concern the merits is "a distinction without a difference," given Section 7463(b)'s plain language. Order at 2, *Vu v. Commissioner*, No. 17-9007 (10th Cir. Dec. 18, 2017) (per curiam).

Likewise, the proper interpretation of "decision" and Section 7463(b) does not depend on the Tax Court's separate power to make jeopardy assessment "determinations" in some cases. (*See* Opp. 9-13.) *See generally* I.R.C. § 7429(b)(2) (giving the Tax Court additional "jurisdiction over any civil action for a [jeopardy assessment] determination" when "a petition for a redetermination of [the] deficiency under section 6213(a) has been timely filed . . . before the making of [the jeopardy assessment]").

Section 7463 and Section 7429 operate independently. They need
not be harmonized. If the Tax Court makes a jeopardy assessment
determination in a small tax case, its determination is unreviewable
because of Section 7429(f) *and* Section 7463(b). If the Tax Court
dismisses a jeopardy assessment challenge for lack of jurisdiction in a
small tax case, its decision is unreviewable because of Section 7463(b),
even if it would otherwise be reviewable under Section 7429(f). That
does not make "a determination . . . a decision and a decision . . . a
determination" (Opp. 12), nor has the Commissioner ever argued as
much.[4]

## C. None of Mr. Foley's remaining arguments establishes the Court's appellate jurisdiction

**1.** Mr. Foley points out that no precedential opinion holds that
Section 7463(b) bars appellate review of a jurisdictional dismissal order.
(Opp. 14-16.) That is true. Yet Mr. Foley does not cite a single decision,
published or otherwise, that adopts any of his arguments; no such
decision exists. The fact remains that all four circuit courts to address

---

[4] As Mr. Foley correctly observes, a "determination" is a subtype of
"decision." (Opp. 11-12 (discussing *Hiley v. United States*, 807 F.2d 623,
628 (7th Cir. 1986)).)

this specific question have agreed with the Commissioner. *See Wilson v. Commissioner*, No. 17-1225, 2018 WL 3435411, at *1 (D.C. Cir. June 27, 2018) (per curiam); Order at 2-3, *Vu v. Commissioner*, No. 17-9007 (10th Cir. Dec. 18, 2017) (per curiam); *Rayle v. Commissioner*, 594 F. App'x 305, 306-07 (7th Cir. 2014) (per curiam); *Edge v. Commissioner*, 552 F. App'x 255, 255 (4th Cir. 2014) (per curiam).

**2.** Mr. Foley argues that the 90-day finality provision in I.R.C. § 7481(b) does not bar appellate review here. (*See* Opp. 16-19.) But the Commissioner has not argued that it does, although Section 7481(b) provides helpful context to the interpretation of Section 7463(b). (*See* Mot. 11.) While Mr. Foley imagines what Congress might have intended by enacting Section 7481(b) (Opp. 17-18), his hypotheses could not change the meaning of that statute's plain language even if they were right. *See Grajales v. Commissioner*, 47 F.4th 58, 62 (2d Cir. 2022). Mr. Foley also offers the unhelpful truism that "section 7481(b) would not apply" here (Opp. 19) if the Tax Court's dismissal order were a reviewable "decision" governed by Section 7481(a). (It was not.)

**3.** Finally, Mr. Foley appeals to the Court's sympathies. (*See*

Opp. 1-2, 19-20.)[5]  Among other fears, he worries that he could only

recover tax payments made within two years of any refund claim he

might file with the IRS.  (Opp. 19-20 (citing I.R.C. § 6511(a).)  But the

Supreme Court has rebuffed that particular appeal to equity because

Congress has left no room for it.  *See United States v. Brockamp*,

519 U.S. 347, 348, 354 (1997) (denying equitable tolling of the

limitations set by I.R.C. § 6511).  In any event, Mr. Foley might be even

worse off if this Court ever agreed with him about the Tax Court's

jurisdiction under Section 6213(a): "[I]f [the deficiency petition

deadline] is not jurisdictional, and a taxpayer's redetermination petition

is dismissed for untimeliness, the assessed amount would have

preclusive effect in a refund suit under 26 U.S.C. § 7422."  *Culp v.

Commissioner*, 75 F.4th 196, 202 (3d Cir. 2023), *pet'n for reh'g en banc

filed*, Oct. 3, 2023.  That means Mr. Foley might never get a refund of

any sort.  (*See* Mot. 12.)

---

[5] Several of Mr. Foley's claims on this score lack record support.
For example, he implies that he asked for equitable tolling before the
Tax Court dismissed his petition.  (Opp. 2.)  But it was not until he
moved to vacate or revise the dismissal order that he first claimed that
he never received the notice of deficiency.  (ECF No. 7-2 at 49.)

-12-

# CONCLUSION

The Court should dismiss this appeal for lack of jurisdiction.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Isaac B. Rosenberg

MICHAEL J. HAUNGS                (202) 514-4343
ISAAC B. ROSENBERG              (202) 514-2426
  *DC Bar No. 998900*
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

OCTOBER 25, 2023

-13-

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.  This document complies with the word limit of Fed. R. App. P. 27(d)(2)(C) because:

> [X]   this document contains **2,227** words, **or**

> [ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with Fed. R. App. P. 27(d)(1)(E) (adopting the typeface requirements of 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)) because:

> [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

> [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s)   _/s/ Isaac B. Rosenberg_

Attorney for  _Commissioner of Internal Revenue_

Dated:  _October 25, 2023_